UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 11-69-DCR |
| | ) | and |
| V. | ) | Civil Action No. 2: 16-125-DCR |
| | ) | |
| CHARLES E. SLONE, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant Charles Slone, Jr.'s *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. [Record No. 424] Slone pleaded guilty to conspiring to distribute cocaine in violation of 21 U.S.C. § 846. [Record No. 323] On August 27, 2012, he was sentenced to a term of imprisonment of 262 months, followed by eight years of supervised release. [Record Nos. 298; 301] Slone filed a Notice of Appeal, but his appeal was dismissed due to the valid waiver provision contained in his Plea Agreement. [Record Nos. 305; 347] On June 5, 2014, Slone filed a motion to vacate his sentence under 28 U.S.C. § 2255. [Record No. 373] The Court denied the motion on June 8, 2015, entering Judgment in the United States' favor. [Record Nos. 399; 400]

Slone requested a Certificate of Appealability regarding the June 8, 2015 Judgment, but the United States Court of Appeals for the Sixth Circuit denied that request. [Record No. 417] Subsequently, Slone applied to the Sixth Circuit for authorization file a second or successive § 2255 motion, arguing that he was improperly sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). [*See* Record No. 423.]

Specifically, he referenced the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), and argued that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), violates due process because it is unconstitutionally vague. Slone asserted that the residual clause in U.S.S.G. § 4B1.2(a)(2), which contained similar language, was also unconstitutionally vague. [*Id.*, p. 2] The Sixth Circuit denied Slone permission to file a second motion because he was not sentenced under the residual clause of § 4B1.2(a)(2). [*Id.*]

Slone filed the present motion to vacate his sentence on June 24, 2016. [Record No. 424, p. 13] In an attachment to the motion, he references his application to the Sixth Circuit concerning a successive § 2255 motion, which was pending at that time. [Record No. 424-1] Slone requested that this Court hold the motion in abeyance until the Sixth Circuit issued its ruling. [*Id.*] Because the Sixth Circuit has now denied Slone permission to file a successive § 2255 motion based on *Johnson*, the Court lacks jurisdiction to entertain the present motion. *See* 28 U.S.C. 2244(b)(3); *Bowman v. Warden*, No. 1:08-cv-343, 2009 WL 943847, *4 (S.D. Ohio Apr. 6, 2009).

Further, even if the Court had such jurisdiction, it would deny the motion because Slone does not qualify for relief under *Johnson*. Slone contends that he was improperly sentenced under U.S.S.G. § 4B1.1(a) due, in part, to his prior conviction for assault under extreme emotional disturbance under Kentucky law.[1] [Record Nos. 424, p. 2; 308, p. 10] He claims that the conviction qualified as a crime of violence only under the residual clause of § 4B1.2(a)(2). [Record No. 424, p. 5] However, as noted by the Sixth Circuit, such a conviction

---

[1] Slone's other prior conviction was for a controlled substance offense. [Record No. 308, p. 10] As a result, it was not considered under the residual clause either.

qualifies as a crime of violence under the "use of force" clause in § 4B1.2(a)(1).  *See United States v. Colbert*, 525 F. App'x 364, 368−370 (6th Cir. 2013) (addressing "use of force" clause in Armed Career Criminal Act).  Because Slone was not sentenced under the residual clause, *Johnson* is inapplicable to his circumstances.[2]

Slone also requests relief under 28 U.S.C. § 2241, and he asks for a writ of *coram nobis* and/or a writ of *audita querela*.  [Record No. 424, pp. 8−12]  The § 2241 motion will be addressed by separate Order because it constitutes a separate civil action.  *See Slone v. United States*, Civil Action 2: 16-126-DCR (2016).  [*Id.*, pp. 11−12]  Because Slone asserts the same grounds for issuance of the two writs as for the § 2255 motion, he is not entitled to either of those writs, as his *Johnson* argument is meritless.  In addition, the Court may properly construe the requests for writs as habeas motions.  *See, e.g.*, *Schonschack v. United States*, No. 1: 06-cv-175, 2006 WL 1417847, *1 (W.D. Mich. May 22, 2006) (construing petition for writ of *coram nobis* as § 2254 petition); *Neuhausser v. United States*, Nos. 1: 98-CR-48(1), 1:08-CV-638, 2009 WL 2883742, *2 (S.D. Ohio Sept. 2, 2009) ("[C]loaking a habeas motion in a petition for a writ of *Audita Querela* [does] not save Petitioner from the requirement to seek permission from the Court of Appeals and, absent that permission, Petitioner's Petition [is] not properly before the Court.").

Moreover, "[w]here a statute specifically addresses the particular issue at hand, it is that authority," not the authority to issue a writ of *coram nobis*, "that is controlling."  *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985).  Here, § 2255 addresses the

---

[2] A decision regarding the applicability of *Johnson* to the Sentencing Guidelines is currently pending before the United States Supreme Court, but this Court has assumed for the purposes of this motion that *Johnson* applies to invalidate the residual clause in the Sentencing Guidelines. *See Beckles v. United States*, No. 15-8544.

- 4 -

relief at hand because Slone is still in custody, whereas writs of *coram nobis* apply to those who are not in custody. *See United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001); *Schonschack*, 2006 WL 1417847, at *1. Likewise, a writ of *audita querela* "requires satisfaction of the judgment, [and] can only be used when the petitioner has served his or her sentence and been released from custody." *Frost v. Snyder*, 13 F. App'x 243, 245 n.1 (6th Cir. 2001). Because Slone's requests for a writ of *coram nobis* and a writ of *audita querela* are more properly considered as habeas petitions under 28 U.S.C. § 2255, the Court will deny those requests due to its lack of jurisdiction to consider the § 2255 motion. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Charles Slone, Jr.'s motion for relief under 28 U.S.C. § 2255 [Record No. 424] is **DENIED** in accordance with 28 U.S.C. § 2244(a).

2. Slone's request for a writ of *coram nobis* [Record No. 424] is **DENIED**.

3. The defendant's request for a writ of *audita querela* [Record No. 424] is **DENIED**.

This 14th day of July, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge